**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-30421
Summary Calendar

LAWRENCE W FITZGERALD, JR

Plaintiff-Appellant

v.

MERCK AND COMPANY INC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-6618

ON PETITION FOR REHEARING

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the petition for panel rehearing filed by appellant is GRANTED. The prior opinion, *Fitzgerald v. Merck & Co., Inc.*, No 08-30421, 2009 U.S. App. LEXIS 2776 (5th Cir. Feb. 11, 2009), is WITHDRAWN, and the following opinion is substituted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lawrence W. Fitzgerald, Jr., Colorado prisoner # 66345, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal from the denial of reconsideration was not taken in good faith. A district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A motion in this court to proceed IFP is construed as a challenge to the district court's certification. *Id.* This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Fitzgerald has not shown that he will raise a nonfrivolous issue on appeal. The district court denied his IFP motion and stated that his case was closed. Because Fitzgerald's case was closed, he has not shown that the district court erred in denying his IFP motion without addressing the merits of his claims or providing him with notice and an opportunity to amend his complaint. Further, Fitzgerald does not have a constitutional right to file an action against Merck for injuries allegedly caused by the drug Vioxx. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (holding prisoners' constitutional right of access to courts guarantees only a "reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement."). As the district court pointed out, Fitzgerald has, or had at one time, the option to pursue his claims against Merck through contingent fee representation or with the guidance of the Pro Se Curator appointed by the district court.

As Fitzgerald has not shown that his appeal presents any nonfrivolous issues, he has not shown that it is taken in good faith. *See Howard*, 707 F.2d at 220. Accordingly, Fitzgerald's IFP motion is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

2

Fitzgerald is cautioned that the dismissal of this appeal as frivolous would normally count as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). The record, however, reflects that Fitzgerald attempted to withdraw this appeal before our ruling, but failed to return a form motion to dismiss that was sent to him by the clerk's office. Thus, we decline to enter a strike against Fitzgerald, but he is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED.